#20301

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS, ILLINOIS**

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE CO., as subrogee of ABBOTT MACHINE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: ) |
| LANDSTAR RANGER, INC., | ) ) |
| Defendant. | ) |

## **COMPLAINT**

NOW COMES the Plaintiff, THE CHARTER OAK FIRE INSURANCE CO., as Subrogee of ABBOTT MACHINE COMPANY, INC. ("Plaintiff"), by and through its attorneys, LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, and complains of Defendant, LANDSTAR RANGER, INC. ("LANDSTAR"), as follows:

1. This is an action for damage to the shipment of a Model G60-FC CNC Floor Type Horizontal Mill Machine (the "Cargo") carried in interstate commerce by Defendant, Landstar.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a), as the case is governed by the Carmack Amendment, 49 U.S.C. §§ 14706, and the matter in controversy exceeds $10,000.00, exclusive of interest and costs.

3. Venue is proper pursuant to 28 U.S.C. § 1391, as LANDSTAR carried the Cargo from Houston, Texas to Alton, Illinois, where the damage was found, within the jurisdiction of this court. Further, LANDSTAR maintains an office and conducts business within the jurisdiction of this court.

4. Plaintiff is a corporation engaged in the business of providing insurance and insured the Cargo pursuant to a policy of insurance. Plaintiff paid a claim for damage to the

1

Cargo to its insured, ABBOTT MACHINE COMPANY, INC. ("ABBOTT"), in return for subrogation rights.

5. ABBOTT is a corporation engaged in the business of rebuilding, remanufacturing, CNC retrofitting, and servicing of quality boring equipment and cylindrical roll grinders, among other things.

6. LANDSTAR is a corporation engaged in the business of providing interstate trucking and logistics services for hire, and duly authorized by the Federal Motor Carrier Safety Administration, USDOT No. 241572. LANDSTAR hauled the Cargo by road from Houston, Texas to Alton, Illinois.

7. October 4, 2019, LANDSTAR received the Cargo in Houston, Texas, for carriage to Alton, Illinois.

8. Upon receipt of the Cargo, a bill of lading was issued for the carriage No. M-4871, and upon delivery a straight bill of lading (No. 2068) was signed by the driver for the carrier. True and accurate copies of these documents are attached hereto as Exhibit A and made a part hereof ("Bill of Lading").

9. At the time LANDSTAR received the Cargo, said Cargo was in good order and condition.

10. The Straight Bill of Lading contains the following statement on its face: "Shipper hereby certifies that he is familiar with all the bill of lading terms and conditions in the governing classification and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns."

11. LANDSTAR hauled the Cargo by road to Alton, Illinois where it arrived on October 7, 2019.

12. Upon arrival in Alton, Illinois, the Cargo was found to be damaged and otherwise impaired in value because of driver error in operating the tractor in transit and failure to properly secure the load.

13. A claim for the damage was submitted to LANDSTAR on October 7, 2019. A true and correct copy of the claim is attached hereto as Exhibit B and made a part hereof (the "claim").

14. The Cargo was damaged or otherwise impaired in value to the extent of $276,030.35 and that sum has been paid by Plaintiff to repair the damage caused by LANDSTAR.

15. By reason of the premises, LANDSTAR has breached its duties and obligations as carrier and bailee of the Cargo by failing to deliver the Cargo in the same condition as received.

16. Plaintiff brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said Cargo, as the respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

17. Plaintiff and its subrogor have duly performed all duties and obligations on their part to be performed.

18. By reason of the premises, Plaintiff has paid $276,030.35 on behalf of ABBOTT to have the damage repaired, no part of which has been paid by LANDSTAR.

19. Plaintiff is entitled to receive the $276,030.35 paid to repair the damage, plus interest, costs and expenses.

WHEREFORE, Plaintiff, THE CHARTER OAK FIRE INSURANCE CO., as Subrogee of ABBOTT MACHINE COMPANY, INC., prays that judgement be entered in its favor and against Defendant, LANDSTAR RANGER, INC., in the amount of $276,030.35, plus interest,

costs and expenses, or for such additional amount established at trial, and any other relief as this Court deems just.

**THE CHARTER OAK FIRE INSURANCE CO.,**
**as Subrogee of ABBOTT MACHINE CO. INC.,**

By: */s/ Thomas R. Weiler*
Its Attorney

Thomas R. Weiler (#6184955)
Steven R. Johnson (#6208989)
Margaret M. Molloy (#6317096)
**Langhenry, Gillen, Lundquist & Johnson, LLC**
311 S. County Farm Road, Suite L
Wheaton, IL  60187
Phone: (630) 653-5775
Facsimile: (630) 653-5980
tweiler@lglfirm.com
sjohnson@lglfirm.com
mmolloy@lglfirm.com